IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

TERESA WARD COOPER and
JAY S. COOPER, Plaintiffs           §

VS.                                  §           CIVIL ACTION NO. 4:13cv487

UNITED STATES OF AMERICA, et al,    §
Defendants

## ORDER OF DISMISSAL

This civil action was referred to United States Magistrate Judge Amos L. Mazzant. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Plaintiffs filed objections to the Report and Recommendation.

In several objections, Plaintiffs complain that the United States Magistrate Judge should have recused himself. Plaintiffs state that they were asking for recusal in the document entitled, "Objection to Magistrate Judge's Ruling; Motion to Vacate Order of Reference; and Brief in Support." However, Plaintiffs' "objections" were not a motion for recusal. Plaintiffs also complain that the style of the case on the Report and Recommendation suggests that Judge Mazzant has some personal knowledge of the case since the style included "2 Unknown Agents of the FBI." However, these parties were improvidently named - the correct name is "2 Unknown Agents of the FBP." They also complain that they named defendants who were not federal agencies and agents. The style has been changed to TERESA WARD COOPER and JAY S COOPER, Plaintiffs v. UNITED

1

STATES OF AMERICA, et al, Defendants. Additionally, Plaintiffs allege that Judge Mazzant was Judge Bush's law clerk for twelve years and question whether Judge Mazzant has personal knowledge of Judge Bush's "unlawful acts." Judge Mazzant clerked for Judge Bush for only a few months. Fanciful questions and suppositions have even less weight than conclusory allegations. Nothing in the Court's records in this or other cases indicates improper conduct on the part of Judges Bush or Mazzant. Plaintiffs are cautioned against statements and "questions" that demonstrate a reckless disregard for truth.

Despite their objections, Plaintiffs have failed to state reasons justifying recusal. It is well established that mere disagreements as to rulings made are almost always insufficient to show bias or prejudice justifying removal. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, *citing United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 1710 (1966). The Fifth Circuit has held that a legally sufficient affidavit of personal bias and prejudice on the part of a judge must meet three requirements: it must (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that bias exists; and (3) show that the bias is personal rather than judicial in nature. *Henderson v. Dep't of Public Safety and Corrections*, 901 F.2d 1288, 1296 (5th Cir. 1990). Plaintiffs have failed to meet this burden.

Plaintiffs also complain that the court has not ruled on various motions and requests for relief and that the report was "inadequately briefed." However, the Report and Recommendation issued in the case clearly states that the case should be dismissed without prejudice because Plaintiffs have failed to pay the sanctions ordered in one of the five previous civil actions filed in the United States District Court for the Eastern District of Texas. Allowing this case to proceed without satisfying the sanctions imposed in an earlier case results in sanctions losing their deterrent effect and allowing litigants to waste judicial resources. *See In re McDonald*, 489 U.S. 180, 109 S. Ct. 993 (1989). Plaintiffs also allege that dismissing the instant case acts as a limit to exercising their constitutional

2

right to file a civil action in federal court. While citing no support for their conclusory contention, the court notes that Plaintiffs are free to seek redress of their grievances in federal court, but must also comply with the orders of the court. *Id.*; *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (conclusory claims are insufficient to entitle a plaintiff to relief). Plaintiffs are correct in their statement that there is no limit as to how many times one can exercise their constitutional right to file a civil action in federal court. However, as noted in the Report and Recommendation, "[a] federal district court has both specific and inherent power to control its docket, and this includes the power to dismiss a case" as a sanction for a party's failure to obey court orders. *Matter of United Markets Intern., Inc.*, 24 F.3d 650, 654 (5th Cir. 1994) (citing *Taylor v. Combustion Eng., Inc.*, 782 F.2d 525, 527 (5th Cir. 1986); *see also Natural Gas Pipeline Co. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406-07 (5th Cir. 1993) (a federal district court's power to impose sanctions for bad-faith behavior during litigation is inherent and goes beyond powers granted by specific Federal Rules of Civil Procedure), *cert. denied sub nom.*, *Fox v. Natural Gas Pipeline Co.*, 510 U.S. 1073, 114 S. Ct. 882 (1994)).

Plaintiffs assert that they should not have to show that they have paid the monetary sanctions imposed in their prior case before filing a new case. The court notes that Plaintiffs did, indeed, file a new case: the present case numbered 4:13cv487. Certainly, had Plaintiffs paid the monetary sanctions in Cause Number 4:10cv689, the easiest course of action to proceed is to show proof of such payment as the docket in that case does not reflect payments having been made. As to Plaintiffs' contention that they are unable to afford to pay the sanctions, it appears that United States District Judge Michael H. Schneider deemed their previous case frivolous in light of his order, as sanctions are imposed to penalize a party for their actions. A plaintiff may not continue filing frivolous actions that waste judicial resources. *McDonald*, 498 U.S. at 184, 109 S.Ct at 996.

Plaintiffs also complain that the court has not ruled upon the merits of their complaint. Plaintiffs are correct. The merits of Plaintiffs' complaint are not reached at this point. The case is being dismissed without prejudice for failure to pay court-ordered sanctions. It is not appropriate to reach the merits at this juncture.

Finally, Plaintiffs ask that this case be transferred to Bankruptcy Court in pending Cause No. 13-42695. They attached an order that was signed on August 6, 1984, by United States District Judge William Wayne Justice concerning a previous bankruptcy action. The court notes that Plaintiffs show a history of frequent case filings. In addition to the six civil actions filed with the United States District Court for the Eastern District of Texas, a review of Texas bankruptcy proceedings shows that Plaintiff Jay Cooper has filed nine (9) bankruptcy actions and Plaintiff Teresa Cooper has filed three (3) bankruptcy actions. In Bankruptcy Cause No. 4:08-bk-42689, in which Plaintiffs were both involved, the court notes that the case was dismissed for abuse. Plaintiffs cite no authority for transferring the instant case to Bankruptcy court. Moreover, debts imposed as a penalty or a fine that are owed to a governmental entity (as in the sanctions ordered in 4:10cv689), are not dischargeable in bankruptcy proceedings typically. *See, e.g., In re Schaffer*, 515 F.3d 424, 427 (5th Cir. 2008). Consequently, even if deemed proper, transferring this case to the pending bankruptcy case would appear to serve no purpose. Plaintiffs are cautioned that frivolous filings are subject to further sanctions.

In sum, the Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Plaintiffs to the Report and Recommendation, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and

adopts the same as the findings and conclusions of the court.   It is accordingly

      **ORDERED** that Plaintiffs take nothing by this suit and that the complaint is **DISMISSED** without prejudice.  It is further **ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

    So **ORDERED** and **SIGNED** this **5**   day of **December, 2013.**

 

_____
      Ron Clark, United States District Judge