***NOT FOR PRINTED PUBLICATION***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TERESA WARD COOPER and JAY S. COOPER, | § § § § | |
| Plaintiffs, | § § § | |
| V. | § § | CASE NO. 4:13-CV-487 Judge Clark/Judge Mazzant |
| UNITED STATES OF AMERICA, ET AL., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed a Motion to Reinstate, Motion to Alter or Amend Judgment, and Request for Findings [Doc. #20]. If a motion for relief from judgment is filed within twenty-eight (28) days of the final judgment, the motion should be filed as a motion to reconsider under Fed. R. Civ. P. 59(e) rather than Fed. R. Civ. P. 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc*. 910 F.2d 167, 173 (5th Cir. 1990)). If the motion is served after that time, it falls under Rule 60(b). Fed. R. Civ. P. 60(b). Final Judgment issued on December 5, 2013, and Plaintiffs' motion was filed January 2, 2014; accordingly, the instant motion is properly filed under Rule 59(e).

In Plaintiffs' Rule 59(e) motion, they reassert the claims brought in their civil rights complaint and in their objections to the Report and Recommendation. However, a Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Schiller v. Physicians Res. Group Inc.*,

1

342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion "serves the narrow purpose of allowing a party to correct manifest errors of law or to present newly discovered evidence." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-49 (5th Cir. 2004). The Fifth Circuit has enumerated grounds on which a district court may grant a Rule 59(e) motion: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Rule 59(e) does not allow the relitigation of old matters, the raising of new arguments, or the submission of evidence that was available prior to the entry of final judgment. *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The reconsideration of a final judgment is an "extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000) and 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, *Federal Practice & Procedure* § 2810.1 at 124 (2d ed. 1995)). The standards applicable to Rule 59(e) "favor the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Plaintiffs have not shown manifest errors of law or newly discovered evidence. *Templet,* 367 F.3d at 478-49. They have not shown (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore*, 318 F.3d at 629. They have simply failed to show they are entitled to the extraordinary relief provided for in Rule 59(e). *Templet*, 367 F.3d at 478.

Additionally, Plaintiffs ask for further findings of fact and conclusions of law pursuant to

Rule 52. However, the Report and Recommendation addressed the relevant issues for consideration. This court adopted the Report and Recommendation, and in its Order of Dismissal, was also very specific concerning the relevant issues. This court declines to repeat itself in repetitive findings. It is accordingly

**ORDERED** that Plaintiffs' Motion to Reinstate, Motion to Alter or Amend Judgment, and Request for Findings [Doc. #20] is **DENIED**.

So **ORDERED** and **SIGNED** this **14** day of **August, 2014.**

_____
Ron Clark, United States District Judge